MICHIGAN CONSOLIDATED GAS COMPANY
*v.* STATE TAX COMMISSION.

1. TAXATION—ASSESSMENT—STATUTE—GAS UTILITY—SERVICE PIPE LINES.
   Assessment by State tax commission of gas utility company's interest in service pipe lines used by it to distribute gas from .lot lines to users' meters *held,* improper, insofar as based upon provision of a statute since held invalid (CL 1948, § 211.14, as amended by PA 1959, No 266).

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 4] 51 Am Jur, Taxation §§ 937–939, 941.
What property of electric, gas, water, telephone, or street railway company constitutes real property for taxation purposes. 57 ALR 869.
[3] 5 Am Jur 2d, Appeal and Error § 1009.

2. Gas—Ownership of Gas Service Pipe Lines—Remand.

Issue as to ownership of service pipe lines used to distribute gas from lot lines to meters is remanded to State tax commission, where such issue had not been resolved by the commission in assessing personal property of gas utility.

3. Costs—Public Question Involved.

No costs are allowed on vacation of order of State tax commission setting assessed valuation of personal property, and remand of case to the commission, a public question being involved.

Separate Opinion.

Quinn, J.

4. Taxation—Assessment—Gas Utility—Service Pipe Lines.

*Gas company was entitled to reduction of assessment on personal property based on interest in service pipe lines from lot lines to users' meters, since such assessment was pursuant to an unconstitutional provision of the general property tax act (CLS 1961, § 211.14).*

Appeal from State Tax Commission. Submitted Division 1 March 2, 1966, at Detroit. (Docket No. 562.) Decided July 26, 1966.

Assessment by City of Wyandotte of personal property of Michigan Consolidated Gas Company. Appeal to Michigan State Tax Commission. Assessment modified. Michigan Consolidated Gas Company appeals. Vacated and remanded for further proceedings.

*Dyer, Meek, Ruegsegger & Bullard (A. D. Ruegsegger,* of counsel), for Michigan Consolidated Gas Company.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Richard R. Roesch,* Assistant Attorney General, for the State tax commission.

*Amici Curiae:*

A. *Louis Gingras,* Wyandotte City Attorney, for the City of Wyandotte.

*Robert Reese,* Corporation Counsel, and *Julius C. Pliskow,* Assistant Corporation Counsel, for the City of Detroit.

*Samuel H. Olsen,* Prosecuting Attorney, *Aloysius J. Suchy, David E. Flayer,* and *William F. Koney,* Assistant Prosecuting Attorneys, for the County of Wayne.

HOLBROOK, J.  This is an appeal by leave from the order of the State tax commission, dated February 9, 1965, finding the assessed value of the personal property of the Michigan Consolidated Gas Company in the city of Wyandotte, for the year 1964 to be $1,425,700.

The pertinent facts for purpose of decision are as follows:

On December 31, 1963, the city of Wyandotte assessed and the board of review of the city confirmed assessment for personal property of Michigan Consolidated Gas Company of $1,506,290.  The taxpayer appealed and claimed it was assessed at a higher proportion of cash value than other properties.  The State tax commission determined that the taxpayer was right as to the property that the taxpayer had reported, *i.e.,* it should have been assessed at 40% of cash value, whereas it was assessed at a higher percentage and a proper assessment would have been $1,185,000.  However, at the hearing it was brought out that the taxpayer had not reported any amount for service pipe lines, viz:  the pipe line from the customer's property line to the meter.  The State tax commission requested the taxpayer to account for the cost to it of such service pipe lines.

The taxpayer reported that its cost for service pipe
lines was $615,166.19 and the State tax commission
assessed such interest of the Michigan Consolidated
Gas Company at $240,220 which was reflected in the
total assessment of $1,425,700 as set in its order.
The service pipe lines in question appear to be paid
for both by the customers and the Michigan Con-
solidated Gas Company, appellant.  On oral argu-
ment it was indicated that an estimate of division
of costs, was 70% paid by the customers and
30% paid by appellant.  It was this 30% only that
the State tax commission took into consideration in
making the assessment.

The appellant claims that the State tax commis-
sion had no authority, in setting the assessment, to
include the costs of the service pipe lines.  First they
assert that the appellee in determining assessment
for the service pipe lines based the same upon the
authority of PA 1959, No 266, amending section 14
of the general tax law[1] adding the words:

"and personal property not otherwise taxed under
this act which is in the possession of any person,
firm or corporation using same in connection with a
business conducted for profit shall be deemed the
property of such person for taxation and assessed to
him accordingly."

This claim by appellant was acknowledged by ap-
pellee on the oral argument before this Court and is
borne out by appellee's order wherein it is stated:

"In examining the property of the appellant it is
found that one category, service lines between the
customer's property line and the meter, were not re-
ported and the commission advises that these serv-
ice lines are in possession of the appellant and used
in connection with the business of the company."

[1] PA 1893, No 206, § 14, as amended (CLS 1961, § 211.14 [Stat
Ann 1960 Rev § 7.14]).

Appellant further asserts such authority is without validity because of the decision in *Continental Motors Corporation* v. *Township of Muskegon* (July, 1965), 376 Mich 170. With this contention we agree, but in fairness to appellee, point out that the State tax commission did not have the benefit of the *Continental Motors Case* holding PA 1959, No 266, unconstitutional, at the time of its decision.

Despite this ruling there may be validity to assessing the interest of appellant in the service pipe lines. The attorney general has asserted that appellant's ownership in the service pipe lines was as a tenant in common with the customers and cites, as authority for his position, the general property tax law § 24,[2] which is in part as follows:

"Two or more persons not being copartners, owning personal property in common, may each be assessed severally for his portion thereof."

Appellant has asserted that it is not the owner of any of the service pipe lines in question and therefore cannot be legally assessed thereon. This issue has not been determined by the State tax commission.

Inasmuch as the State tax commission in determining the assessment of the taxpayer's interest in the service pipe lines used by it in distributing gas to its customers cannot be upheld by reason of PA 1959, No 266, and the commission having failed to consider or rule upon all of the issues raised before it upon appeal, the order of appellee Michigan State tax commission dated February 9, 1965, is vacated and the matter remanded for further proceedings consistent with this opinion.

No costs are allowed, a public question being involved.

---

[2] CLS 1961 § 211.24 (Stat Ann 1960 Rev § 7.24).

McGREGOR, P. J., concurred with HOLBROOK, J.

QUINN, J. (*concurring*). I concur in the opinion of Judge HOLBROOK except for the relief ordered. It is clear from the record that defendant's order was based on the provisions of CLS 1961, § 211.14 (Stat Ann 1960 Rev § 7.14). This statute was held unconstitutional in *Continental Motors Corporation* v. *Township of Muskegon* (1965), 376 Mich 170. I would remand to defendant for entry of an amendatory order by it reducing plaintiff's assessment by the sum of $240,220.